# EXHIBIT A

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
MELISSA GARCIA; UNITED STATES POSTAL SERVICE; and DOES 1 to 25

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
MARIA ROMERO

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

ELECTRONICALLY FILED BY
Superior Court of California,
County of Monterey
On 5/12/2022 10:26 AM
By: Stephanie Mendez, Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Monterey County Superior Court
1200 Aguajito Road
Monterey, CA 93940
(831) 647-5800

**CASE NUMBER:**
*(Número del Caso):*
22CV001286

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Alex D. Guerrero, Esq. (SBN: 215811)
MENDEZ & SANCHEZ, A.P.C.
5440 E. Beverly Blvd., Los Angeles, California 90022-2208 (323) 838-1444

DATE: 5/11/2022   5/12/2022   CHRIS RUHL   Clerk, by /s/ Stephanie Mendez , Deputy
*(Fecha)*   *(Secretario)*   *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

American LegalNet, Inc.
www.FormsWorkflow.com

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

**MENDEZ & SANCHEZ, A.P.C.**
ALEX D. GUERRERO, ESQ. (SBN: 215811)
*aguerrero@mswlegal.com*
5440 E. Beverly Blvd.
Los Angeles, California 90022-2208
Telephone No.: (323) 838-1444
Facsimile No.: (323) 838-1226

Attorneys for Plaintiff,
MARIA ROMERO

ELECTRONICALLY FILED BY
Superior Court of California,
County of Monterey
On 5/12/2022 10:26 AM
By: Stephanie Mendez, Deputy

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## COUNTY OF MONTEREY

| | |
|---|---|
| MARIA ROMERO,<br><br>    Plaintiff,<br><br>v.<br><br>MELISSA GARCIA; UNITED STATES POSTAL SERVICE; and DOES 1 to 25,<br><br>    Defendants. | CASE NO.: 22CV001286<br><br>**COMPLAINT FOR:**<br>1. **NEGLIGENCE**<br>2. **NEGLIGENCE (Negligent Hiring, Training, Supervision and Retention)** |

COMES NOW Plaintiff, MARIA ROMERO, an individual, (hereinafter, "Plaintiff") and for causes of action against Defendants, MELISSA GARCIA, UNITED STATES POSTAL SERVICE and DOES 1 to 25, inclusive (hereinafter collectively, "Defendants"), and each of them, alleges as follows:

### GENERAL ALLEGATIONS

1. Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, plaintiff was a resident of the City of Greenfield, County of Monterey, State of California.

2. Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, defendant, MELISSA GARCIA, was a resident of the City of Greenfield, County of

-1-
COMPLAINT

1 Monterey, State of California.

2   3.   Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, defendant, UNITED STATES POSTAL SERVICE (hereinafter, "USPS") is a Federally chartered corporation existing as an independent establishment of the executive branch of the Government of the United States, under the direction of a Board of Governors, with the Postmaster General as its chief executive officer, doing business in the County of Monterey, State of California.

   4.   Prior to the filing of this action, plaintiff presented a timely claim to the USPS, pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671 *et seq.* Plaintiff's claim was received by the USPS' National Tort Center, and assigned File No. NT202127541. Plaintiff believes in good faith that the claim has been denied, or has not been acted upon, or will be denied in due course.

   5.   Jurisdiction is proper in this Court as to all defendants pursuant to 39 U.S.C. § 409 (which provides that the United States District Courts shall have original **but not exclusive jurisdiction** over all actions brought by or against the USPS.)

   6.   Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, each of the defendants was the agent, servant, joint venturers, alter ego, servant and employee of each of the remaining defendants, and in doing the acts hereinafter alleged was acting within the course and scope of said agency, service, venture, and/or employment.

   7.   The true names and capacities, whether individual, corporate, associate or otherwise of defendants DOES 1 to 25, inclusive, and each of them, are unknown to plaintiff, who therefore sues said defendants by such fictitious names. Plaintiff will ask leave of court to amend this complaint when the true names and capacities have been ascertained. Plaintiff is informed and believes and thereon alleges that each of said defendants are responsible in some manner for the events and happenings herein referred to and negligently caused injuries and damages to plaintiffs as hereinafter alleged.

   8.   Prior to the filing of the initial Complaint, a period of less than two (2) calendar years had not yet elapsed after plaintiff first learned, or had reasonable opportunity to learn, of the

-2-
COMPLAINT

1  facts that the injuries and damages suffered and complained herein were the result of the acts or
2  omissions to act on the part of the defendants, and each of them. That further, prior to the filing of
3  the instant Complaint, the defendants, and each of them knew or should have known of their own
4  acts or omissions to act on the part of the defendants, and each of them and the relationship
5  between said conduct and the harm incurred by the plaintiff and failed to disclose those acts and
6  circumstances to plaintiff prior to plaintiff having reasonable opportunity to learn of said conduct.

7       9.    Plaintiff is informed and believes and thereon alleges that at all times herein
8  mentioned, Plaintiff was the operator of a certain motor vehicle, a white Nissan Sentra, California
9  License Number "7PLX013," (hereinafter "Vehicle No. 1").

10      10.   Plaintiff is informed and believes and thereon alleges that at all times herein
11  mentioned, Plaintiff had a valid and existing policy of automobile insurance in full compliance
12  with California law.

13      11.   Plaintiff is informed and believes and thereon alleges that at all times herein
14  mentioned, Defendants, and each of them, were the owners of a certain motor vehicle, California
15  License Number "0234057," (hereinafter, "Vehicle No. 2"), and, at the time of the incident herein
16  complained of, this vehicle was being operated and driven by Defendant, MELISSA GARCIA,
17  with the full permission, knowledge, and consent of all of the remaining Defendants, and each of
18  them.

19      12.   Plaintiff is informed and believes and thereon alleges that at all times herein
20  mentioned, Defendant, MELISSA GARCIA, was acting in the course and scope of her
21  employment with all other Defendants, and each of them, including but not limited to the USPS,
22  and therefore, Defendants, including USPS are vicariously liable for the acts and/or omissions
23  herein pled.

**FIRST CAUSE OF ACTION**

(Negligence [Pursuant to California *Vehicle Code*, § 21802(a) and 28 U.S.C. §§ 1346(b), 2671 *et seq*.—The Federal Tort Claims Act] – Against all Defendants)

27      13.   Plaintiff hereby incorporates by reference all of the allegations in each paragraph
28  set forth above as though fully set forth herein.

-3-
COMPLAINT

14. On or about May 30, 2020, at approximately 11:38 a.m., Plaintiff was lawfully operating her vehicle, Vehicle No. 1, eastbound on Maple Avenue near the intersection of 8th Street in Greenfield, California. At said time and place, the weather sunny, visibility was clear, and the roadway was dry.

15. At said time and place, Defendants, and each of them, so negligently entrusted, managed, drove, operated, controlled, and supervised the operation of their vehicle, Vehicle No. 2. Defendants, and each of them, were also operating Vehicle No. 2 southbound on 8th Street at said intersection.

16. 8th Street at said intersection with Maple Avenue, is controlled in both the northbound and southbound directions by clearly marked and visible stop signs. Maple Avenue, has no traffic control devices in either the eastbound or westbound directions.

17. While Plaintiff was proceeding through said intersection, Defendants, and each of them, failed to stop at the stop sign on 8th Street and struck the driver's side rear of Plaintiff's vehicle (Vehicle No. 1) with the front of Defendants' vehicle (Vehicle No. 2)—causing Plaintiff's vehicle to spin out. The crash caused major damage to both vehicles.

18. The Greenfield Police Department responded to the scene of the crash. The investigating officer found Defendant, MELISSA GARCIA at fault for the accident. Specifically, Defendant, MELISSA GARCIA was found to have violated California *Vehicle Code*, Section 21802(a) (failure to yield from a stop sign).

19. Defendants' negligent operation of Vehicle No. 2. by colliding with the rear of Plaintiff's Vehicle No. 1 when traffic conditions mandated that Defendants slow Vehicle No. 2, was in direct violation of *Vehicle Code*, Section 21802(a) which provides the following:

> "The driver of any vehicle approaching a stop sign at the entrance to, or within, an intersection shall stop as required by Section 22450. The driver shall then yield the right-of-way to any vehicles which have approached from another highway, or which are approaching so closely as to constitute an immediate hazard, and shall continue to yield the right-of-way to those vehicles until he or she can proceed with reasonable safety."

-4-
COMPLAINT

20. Defendants' and each of their negligent operation of Vehicle No. 2. in direct violation of *Vehicle Code*, Section 21802(a) constituted negligence *per se*, and therefore Plaintiff is entitled to an evidentiary presumption of negligence arising from the violation of said statute(s), which was enacted to protect a class of persons of which the Plaintiff is a member against the type of harm which the Plaintiff suffered as a result of Defendants' and each of their violations of said statute(s), described above.

21. At said time and place, Defendants, and each of them, so negligently entrusted, managed, drove, operated, controlled, and supervised the operation of her vehicle, Vehicle Number 2, so as to directly and proximately cause a collision between Vehicle Number 1 and Vehicle Number 2, thereby proximately causing Plaintiff's injuries and damages hereinafter alleged.

22. As a direct and proximate result of the above-described negligence of the Defendants, and each of them, Plaintiff suffered injuries to health, strength, and activity, severe injuries to the body and nervous system, shock and anxiety. All of said injuries have caused and continue to cause Plaintiff great pain and suffering and anxiety. Plaintiff is informed and believe and thereon alleges that said injuries will result in permanent disability to Plaintiff resulting in general damages in a sum in excess of $25,000.

23. As a further direct and proximate result of said negligence of Defendants, and each of them, Plaintiff was required to and did employ physicians, surgeons and hospitals to examine, treat and care for the rehabilitate Plaintiff, and did incur medical and incidental expenses, the exact amount of which is unknown to Plaintiff at this time. Plaintiff is informed and believes and thereon alleges that said expenses will continue for some time in the future and Plaintiff will ask leave of court to amend this complaint when the exact amounts thereof have been ascertained.

24. As a direct and proximate result of the conduct of defendants, and each of them, plaintiff sustained severe injuries, including but not limited to lost earnings and earning capacity, physical injuries, severe emotional and mental distress, post-traumatic stress, fear, anxiety, humiliation, grief, and embarrassment. The exact amount of such damage is unknown at this time, to be determined at the time of trial.

25. As a direct and proximate result of the conduct of Defendants, and each of them, Plaintiff is informed and believes, and thereupon alleges, that Plaintiff had a physical and/or emotional condition(s) that was made worse by Defendants', and each of their wrongful conduct, and that as a result of such wrongful conduct, Plaintiff is entitled to an award of damages that will reasonable and fairly compensate Plaintiff for the effect on that condition.

26. As a direct and proximate result of the conduct of Defendants, and each of them, Plaintiff is informed and believes, and thereupon alleges, that Plaintiff was more susceptible to injury than a normally healthy person prior to Defendants' and each of their wrongful conduct as complained herein, and as a result of Plaintiff's pre-existing increased susceptibility, Plaintiff was injured as a proximate result of Defendants' and each of their wrongful conduct, even if a normally health person would not have suffered similar injury.

27. As a further direct and proximate result of the above-described negligence of defendants, and each of them, Plaintiff's vehicle was greatly damaged. The exact amount of such damage is unknown at this time, to be determined at the time of trial.

## SECOND CAUSE OF ACTION

(Negligence [Hiring, Training, Supervision and Retention]—

Against Defendant USPS and DOES 1 to 25 Only)

28. Plaintiff hereby incorporates by reference all of the allegations in each paragraph set forth above as though fully set forth herein.

29. Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, at the time of the subject incident, Defendant, MELISSA GARCIA was acting in the course and scope of her duties for her employers, USPS and DOES 1 to 25.

30. Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, at the time of the subject incident, Defendant, MELISSA GARCIA was unfit and incompetent to perform the work for which she was hired (*i.e.* as a driver), and that Defendants USPS and DOES 1 to 25 knew or should have known that she was unfit and incompetent, and that her unfitness and incompetence created a particular risk to others, including any person with whom Defendant, MELISSA GARCIA could come into contact with, including but not limited to

plaintiff.

31. Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, Defendants, USPS and DOES 1 to 25 owed a duty of care to the public, including but not limited to Plaintiff, in the hiring, training, retention and supervision of their agents, employees, servants and/or independent contractors, such as Defendant, MELISSA GARCIA; whom the assigned to use due and reasonable care in the operation of their business so as to keep all foreseeable plaintiffs safe while operating a motor vehicle.

32. Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, Defendants USPS and DOES 1 to 25, breached their duty of care to the general public, failed to act reasonably, were negligent and reckless in the hiring, training, retention and supervision of their agents, employees, servants and/or independent contractors, whom said defendants authorized, directed, permitted and/or required to use due and reasonable care in the operation of their business so as to keep al foreseeable members of the public (including plaintiff) safe while operating a motor vehicle.

33. Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, Defendants USPS and DOES 1 to 25's aforementioned negligent and reckless hiring, training, retention and supervision of Defendant MELISSA GARCIA directly, legally and proximately caused and was a substantial factor in causing and/or contributing to the cause of the collision between Vehicles Nos. 1 and 2, and the injuries and damages complained of herein.

34. As a further direct and proximate result of the above-described negligence of Defendants, USPS and DOES 1 to 25, plaintiff sustained injuries and damages.

35. As a further direct and proximate result of the above-described negligence of Defendants, USPS and DOES 1 to 25, plaintiff was compelled to and did employ the services of hospitals, physicians, surgeons, nurses and the like to care for and treat plaintiff, and did incur hospital, medical, professional and incidental expenses, and plaintiff is informed and believes, and thereupon alleges, that by reason of plaintiff's injuries, plaintiff will necessarily incur additional like expenses for an indefinite period of time in the future, the exact amount of which expenses will be stated according to proof, pursuant to *Code of Civil Procedure*, Section 425.10.

36. As a direct and proximate result of the conduct of Defendants, and each of them, Plaintiff sustained severe injuries, including but not limited to lost earnings and earning capacity, physical injuries, severe emotional and mental distress, post-traumatic stress, fear, anxiety, humiliation, grief, and embarrassment. The exact amount of such damage is unknown at this time, to be determined at the time of trial.

37. As a further direct and proximate result of the above-described negligence of Defendants, USPS and DOES 1 to 25, plaintiff was grievously and permanently injured and hurt with regard to plaintiff's health, strength and activity, sustaining injuries to plaintiff's body and shock and injury to plaintiff's nervous system and person, all of which said injuries have caused and continue to cause plaintiff great physical, mental and emotional pain and suffering. Plaintiff is informed and believes, and thereupon alleges, that said injuries will result in permanent and degenerative disabilities to plaintiff, all to plaintiff's general damage in an amount which will be stated according to proof at the trial in this case.

38. As a further direct and proximate result of the above-described negligence of Defendants, USPS and DOES 1 to 25, plaintiffs are informed and believes, and thereupon alleges, that plaintiff had a physical or emotional condition that was made worse by defendants', and each of their wrongful conduct, and that as a result of such wrongful conduct, plaintiff is entitled to an award of damages that will reasonable and fairly compensate plaintiff for the effect on that condition(s).

39. As a further direct and proximate result of the above-described negligence of Defendants, USPS and DOES 1 to 25, plaintiff is informed and believes, and thereupon alleges, that plaintiff was more susceptible to injury than a normally healthy person prior to defendants' and each of their wrongful conduct as complained herein, and as a result of plaintiff's pre-existing increased susceptibility, plaintiff was injured as a proximate result of defendants' and each of their wrongful conduct, even if a normally healthy person would not have suffered similar injury.

40. As a direct and proximate result of the conduct as described herein, Defendants, USPS and DOES 1 to 25, plaintiff was compelled to, and did employ, the services of hospitals, physicians, surgeons, nurses and the like, to care for and treat plaintiff, and did incur hospital,

-8-
COMPLAINT

medical, professional and incidental expenses, and plaintiff is informed and believes, and thereupon alleges, that by reason of plaintiff's injuries, plaintiff will necessarily incur additional like expenses for an indefinite period of time in the future, the exact amount of which expenses will be stated according to proof at the trial in this case.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for judgment against the defendants, and each of them, as follows:

1. General damages, according to proof, and within the jurisdictional limits of this Court, as against all defendants, and each of them;

2. Past, present and/or future loss of earnings, according to proof, as against all defendants, and each of them;

3. Loss of earning capacity, according to proof, as against all defendants, and each of them;

4. Special damages, including but not limited to past, present and/or future hospital, medical, professional and incidental expenses, including property damage, according to proof, as against all defendants, and each of them;

5. For past, present and/or future economic damages, according to proof, as against all defendants, and each of them;

6. Prejudgment interest; and

7. For any other relief as the Court deems just and proper.

Dated: May 11, 2022                            MENDEZ & SANCHEZ, A.P.C.

BY: _____
ALEX D. GUERRERO, ESQ.
Attorneys for Plaintiff, MARIA ROMERO

-9-
COMPLAINT

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial.

Dated: May 11, 2022

MENDEZ & SANCHEZ, A.P.C.

BY: *Alex Guerrero*
ALEX D. GUERRERO, ESQ.
Attorneys for Plaintiff, MARIA ROMERO

-10-
COMPLAINT

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Alex D. Guerrero, Esq. (SBN: 215811)<br>MENDEZ & SANCHEZ, A.P.C.<br>5440 E. Beverly Blvd.<br>Los Angeles, California 90022-2208<br>TELEPHONE NO.: (323) 838-1444   FAX NO.: (323) 838-1226<br>ATTORNEY FOR (Name): Plaintiff, MARIA ROMERO | ELECTRONICALLY FILED BY<br>Superior Court of California,<br>County of Monterey<br>On 5/12/2022 10:26 AM<br>By: Stephanie Mendez, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **MONTEREY**
STREET ADDRESS: 1200 Aguajito Road
MAILING ADDRESS: 1200 Aguajito Road
CITY AND ZIP CODE: Monterey, California 93940
BRANCH NAME: Monterey Courthouse

CASE NAME: ROMERO v. GARCIA, et al.

| CIVIL CASE COVER SHEET<br>☒ Unlimited   ☐ Limited<br>(Amount demanded exceeds $25,000)   (Amount demanded is $25,000 or less) | Complex Case Designation<br>☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER: 22CV001286<br>JUDGE:<br>DEPT: |
|---|---|---|

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| ☒ Auto (22)<br>☐ Uninsured motorist (46) | ☐ Breach of contract/warranty (06)<br>☐ Rule 3.740 collections (09)<br>☐ Other collections (09)<br>☐ Insurance coverage (18)<br>☐ Other contract (37) | ☐ Antitrust/Trade regulation (03)<br>☐ Construction defect (10)<br>☐ Mass tort (40)<br>☐ Securities litigation (28)<br>☐ Environmental/Toxic tort (30)<br>☐ Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**<br>☐ Asbestos (04)<br>☐ Product liability (24)<br>☐ Medical malpractice (45)<br>☐ Other PI/PD/WD (23) | **Real Property**<br>☐ Eminent domain/Inverse condemnation (14)<br>☐ Wrongful eviction (33)<br>☐ Other real property (26) | |
| **Non-PI/PD/WD (Other) Tort**<br>☐ Business tort/unfair business practice (07)<br>☐ Civil rights (08)<br>☐ Defamation (13)<br>☐ Fraud (16)<br>☐ Intellectual property (19)<br>☐ Professional negligence (25)<br>☐ Other non-PI/PD/WD tort (35) | **Unlawful Detainer**<br>☐ Commercial (31)<br>☐ Residential (32)<br>☐ Drugs (38)<br>**Judicial Review**<br>☐ Asset forfeiture (05)<br>☐ Petition re: arbitration award (11)<br>☐ Writ of mandate (02)<br>☐ Other judicial review (39) | **Enforcement of Judgment**<br>☐ Enforcement of judgment (20)<br>**Miscellaneous Civil Complaint**<br>☐ RICO (27)<br>☐ Other complaint (not specified above) (42)<br>**Miscellaneous Civil Petition**<br>☐ Partnership and corporate governance (21)<br>☐ Other petition (not specified above) (43) |
| **Employment**<br>☐ Wrongful termination (36)<br>☐ Other employment (15) | | |

2. This case ☐ is ☒ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties   d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence   f. ☐ Substantial postjudgment judicial supervision
3. Remedies sought (check all that apply): a. ☒ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action (specify): Two: 1) Negligence (Auto); 2) Negligence (Hiring/Supervision, etc.)
5. This case ☐ is ☒ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: May 11, 2022

ALEX D. GUERRERO, ESQ.     ▶ /s/ Alex Guerrero
(TYPE OR PRINT NAME)            (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

22CV001286     CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
   Auto (22)–Personal Injury/Property Damage/Wrongful Death
   Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
   Asbestos (04)
      Asbestos Property Damage
      Asbestos Personal Injury/ Wrongful Death
   Product Liability *(not asbestos or toxic/environmental)* (24)
   Medical Malpractice (45)
      Medical Malpractice– Physicians & Surgeons
      Other Professional Health Care Malpractice
   Other PI/PD/WD (23)
      Premises Liability (e.g., slip and fall)
      Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
      Intentional Infliction of Emotional Distress
      Negligent Infliction of Emotional Distress
      Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
   Business Tort/Unfair Business Practice (07)
   Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
   Defamation (e.g., slander, libel) (13)
   Fraud (16)
   Intellectual Property (19)
   Professional Negligence (25)
      Legal Malpractice
      Other Professional Malpractice *(not medical or legal)*
   Other Non-PI/PD/WD Tort (35)

**Employment**
   Wrongful Termination (36) Other Employment (15)

**Contract**
   Breach of Contract/Warranty (06)
      Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
      Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
      Negligent Breach of Contract/ Warranty
      Other Breach of Contract/Warranty
   Collections (e.g., money owed, open book accounts) (09)
      Collection Case–Seller Plaintiff
      Other Promissory Note/Collections Case
   Insurance Coverage *(not provisionally complex)* (18)
      Auto Subrogation
      Other Coverage
   Other Contract (37)
      Contractual Fraud
      Other Contract Dispute

**Real Property**
   Eminent Domain/Inverse Condemnation (14)
   Wrongful Eviction (33)
   Other Real Property (e.g., quiet title) (26)
      Writ of Possession of Real Property
      Mortgage Foreclosure
      Quiet Title
      Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
   Commercial (31)
   Residential (32)
   Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
   Asset Forfeiture (05)
   Petition Re: Arbitration Award (11)
   Writ of Mandate (02)
      Writ–Administrative Mandamus
      Writ–Mandamus on Limited Court Case Matter
      Writ–Other Limited Court Case Review
   Other Judicial Review (39)
      Review of Health Officer Order
      Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
   Antitrust/Trade Regulation (03)
   Construction Defect (10)
   Claims Involving Mass Tort (40)
   Securities Litigation (28)
   Environmental/Toxic Tort (30)
   Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
   Enforcement of Judgment (20)
      Abstract of Judgment (Out of County)
      Confession of Judgment *(non-domestic relations)*
      Sister State Judgment
      Administrative Agency Award *(not unpaid taxes)*
      Petition/Certification of Entry of Judgment on Unpaid Taxes
      Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
   RICO (27)
   Other Complaint *(not specified above)* (42)
      Declaratory Relief Only
      Injunctive Relief Only *(non-harassment)*
      Mechanics Lien
      Other Commercial Complaint Case *(non-tort/non-complex)*
      Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
   Partnership and Corporate Governance (21)
   Other Petition *(not specified above)* (43)
      Civil Harassment
      Workplace Violence
      Elder/Dependent Adult Abuse
      Election Contest
      Petition for Name Change
      Petition for Relief From Late Claim
      Other Civil Petition





# Mendez & Sanchez
A Professional Law Corporation

Giancarlo J. Mendez

Michael A. Sanchez

5440 E. Beverly Blvd.
Los Angeles, CA 90022

www.mswlegal.com

Telephone
(323) 838-1444

Facsimile
(323) 838-1226

**Sent Via U.S. Certified Mail**
**Return Receipt No.**
7016 3560 0001 0123 8614

November 30, 2020

Tanya Ngo
District Tort Claims
US Postal Service- Bay Valley
1675 7th Street, Room 320
Oakland, CA 94615-9931

Re:  My Client:         Maria Brenda Romero Resendis
     Date of Accident:  May 30, 2020
     USPS Case No:      945-20-00477

Dear Ms. Ngo,

As you are aware, the above-mentioned client has retained this office to represent her with regards to the auto accident that occurred on or about **May 30, 2020**.

Attached, please find a copy of the completed Claim for Damages form. Please contact this office at your earliest opportunity to further discuss this claim.

Your cooperation is greatly appreciated.

Very truly yours,
MENDEZ & SANCHEZ, APC

Michael A. Sanchez, Esq.
Attorney at Law

ms/ mz

Encl: Claim for Damages